UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Edward Terrick Drummond, | ) | C/A No. 5:15-cv-02147-MGL-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| vs. | ) | |
| | ) | |
| Spartanburg County Detention Center; | ) | |
| Capt. Freeman; | ) | |
| Det. Calloway; | ) | |
| T. Hadden; | ) | |
| Corp. J. Thomas; | ) | |
| Sgt. Center; | ) | |
| Sgt. Nichols; | ) | |
| Capt. McCann; | ) | |
| Det. Nodine; | ) | |
| Sgt. Curby, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil action filed pro se by a local detainee. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.    Factual Background

Edward Terrick Drummond ("Plaintiff") was a detainee in Spartanburg County when he filed this case. Plaintiff alleges that, while detained, he developed a staph infection that "latter [sic] become a hole the size of a quarter" following a fall at the Spartanburg County Detention Center ("SCDC") on September 22, 2013. Compl. 5, ECF No. 1. Plaintiff alleges that "medical" and a "doctor" at SCDC allowed the infection to continue and worsen without performing blood work until Plaintiff was released from custody on October 22, 2013. *Id*. Plaintiff alleges that he "was push away and fell threw [sic] the cracks," and did not receive medical care that he

requested such as a bloodwork "until [he] was released." *Id*. Plaintiff also alleges that he suffered extreme fear and has lasting mental distress (nightmares and panic attacks) when a fire broke out at SCDC on October 12, 2013. He alleges that other detainees were "screming [sic] and yelling" and "crying and kicking doors . . . trying to get air," and that he helped Defendant Calloway get people out of the pod after Calloway temporarily hesitated to open the doors because of concern for allowing protective custody detainees to mix with the general population of detainees. *Id*. Plaintiff alleges that "[t]his facility has violated every law to try to prevent me from telling my story," *id*. at 6, but, even though he names nine persons who are apparently employees at SCDC as Defendants, Det. Calloway is the only Defendant whose name is mentioned in Plaintiff's Complaint's "statement of claim" section.

In the "relief" section of his Complaint, Plaintiff requests that this court "give each officer who violated the law 30 days in POD b protictive [sic] custody." *Id*. at 8. Plaintiff's also asserts at the conclusion of his "relief" section that he "was bullied locked down, medical neglected, violated my civil rights pain and suffering, mental anguish and doctor bills," *id*., but he does not include factual allegations connecting any of the named Defendants to actions that "violated the law" or "bullied locked down, medical neglected." The only Defendants whose names are mentioned in the "relief" section of the Complaint are Defendants "McCann and T. Hadden," and Plaintiff follows the reference to their names with "in POD 2 P. C." and then states, "I am requesting this type of punishment for these individuals so that they can experience what the averege [sic] person goes thru while detained in Spartanburg County Jail. No special treatment for the above named." *Id*. Plaintiff also asks this court to impose "a fine of $450 per month" and states that he would donate any "proceeds" to better equip SCDC, and for "2 million dollars" of which he will donate $250,000 for various Spartanburg County law-enforcement-related needs. *Id*.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's factual allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

III.    Discussion

First, Plaintiff's Complaint is frivolous insofar as it names many persons as Defendants (Capt. Freeman, Corp. Thomas, Sgt. Center, Sgt. Nichols, Det. Nodine, Det. Curby), but contains no factual allegations of personal wrongdoing or any kind of involvement by these Defendants in any of the conditions at SCDC about which Plaintiff complains. *See Newkirk v. Circuit Court*,

3

No. 3:14CV372-HEH, 2014 WL 4072212 (E.D. Va. Aug. 14, 2014) (complaint subject to summary dismissal where no factual allegations against named defendants within the body of the pleading) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed.")).

Second, Plaintiff's allegations fail to state a plausible federal constitutional-violation claim pursuant to 42 U.S.C. § 1983 against the only Defendant whose name is mentioned in the "statement of claim," Det. Calloway.[1] The only factual allegations that relate to Defendant Calloway are those about the October 12, 2013 fire at SCDC, and the only facts alleged are that Defendant Calloway briefly hesitated to open the doors when Plaintiff told him to because of Calloway's concern over mixing protective-custody detainees with detainees in the general population. Although it is true that a fire in a detention center is an objectively serious matter, there are no allegations from which any subjective intent of Defendant Calloway to harm or not protect detainees could be reasonably inferred, and, as a result, no plausible constitutional-violation claim is pleaded against Defendant Calloway. *See Farmer v. Brennan,* 511 U.S. 825, 835-40 (1994) (failure to protect; officer must know of and disregard substantial risk to detainee's safety); *Rich v. Bruce*, 129 F.3d 336, 340 n.2 (4th Cir. 1997) ("A defendant is not subjectively reckless where, although he is aware of the existence of a general risk, he is unaware

---

[1] Plaintiff's claims for damages and other relief allegedly arising from the conditions of his confinement within a county jail in South Carolina are properly considered by this court under its federal-question jurisdiction pursuant § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jett v. Dallas Indep. School Dist.*, 491 U.S. 701, 731-32 (1989). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citation omitted) (emphasis added). Plaintiff does not refer to any other federal statute or treaty provision as the basis for his Complaint, and no other plausible basis for the exercise of this court's limited subject-matter jurisdiction over his allegations is evident from the face of the Complaint.

that his conduct is inappropriate in light of that risk. True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk."); *see also Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998) (noting the Due Process Clause of the Fourteenth Amendment guarantees pre-trial detainees—such as Plaintiff—humane conditions of confinement, and "the Eighth Amendment standard provides the benchmark for such claims."); *Chisolm v. Cannon*, No. 4:02-3473-RBH, 2006 WL 361375, at *3 (D.S.C., Feb. 15, 2006) (applying deliberate indifference standard to detainee's claims about conditions of confinement).

Third, Plaintiff fails to state any plausible federal claim against Defendant SCDC because the only possible allegations against it: "[t]his facility has violated every law to try to prevent me from telling my story," and "I have been oppress, Hinder prevented from getting adiquit [sic] medical help . . . ," ECF No. 1 at 6, appear to be asserting claims of unconstitutional conditions of confinement on which only persons who act under color of state law may be found liable. *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014). Defendant SCDC is a building or group of buildings. It is an inanimate object and, as such, it is not a person who can be identified as a state actor. *See Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").

Fourth and finally, the Complaint fails to state any plausible federal claim against the only two remaining named Defendants: T. Hadden and Capt. McCann. Although a pro se litigant's pleadings are to be liberally construed, it is settled that those pleadings must contain sufficient "factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that *Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)); *Godbey v. Simmons*, No. 1:11cv704 (TSE/TCB), 2014 WL 345648, at *4 (E.D. Va. Jan. 30, 2014) ("Whether filed by a pro se litigant or not, 'claims brought in federal court are subject to the generally applicable standards set forth in the Supreme Court's entire Rule 8(a) jurisprudence, including *Twombly* and *Iqbal*.'") (quoting from *Cook v. Howard*, 484 F. App'x 805, 810 (4th Cir. 2012)). Additionally, to state a plausible § 1983 claim against any particular public official or state actor, a causal connection or affirmative link must exist between the conduct of which the plaintiff complains and the official sued. *See Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976) (a § 1983 plaintiff must show that he suffered a specific injury as a result of specific conduct of a defendant, and an affirmative link between the injury and that conduct);*Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir.1977) (for an individual to be liable under § 1983, it must be affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights); *see also Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

As previously noted, the only place Hadden and McCann are referenced in the Complaint is in the "relief" section. Although Plaintiff states that he wants these two SCDC employees to be forced to stay for 30 days in the same areas as the detainees at SCDC, to be "demoted," and to pay fines, ECF No. 1 at 8, he does not include any factual allegations showing what, if anything, these two Defendants did to deserve imposition of the requested relief against them. Also, Plaintiff does not include any factual allegations that connect either Defendant Hadden or McCann to any of the conditions that Plaintiff conclusorily asserts such as bullying or being locked down or neglected medically. Plaintiff's factual allegations about his medical care, or lack thereof, at SCDC only refer to "medical" and an unidentified "doctor." *Id*. at 5. His factual

allegations about the fire at SCDC only refer to Defendant Calloway. *Id*. In absence of factual allegations showing personal involvement by Defendants Hadden or McCann in any unconstitutional action or condition of confinement, no plausible § 1983 claim is stated against either of them.

IV.     Recommendation

Accordingly, it is recommended that the district court dismiss the Complaint in this case in its entirety *without prejudice*. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

IT IS SO RECOMMENDED.

June 5, 2015                                                                               Kaymani D. West
Florence, South Carolina                                                   United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).